UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH SANTANA-WATTS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ADMIRAL LINE (UK) LIMITED; ZODIAC MARITIME AGENCIES LIMITED and DOES 1 THROUGH 20,<br><br>　　　　Defendants.<br>_____/ | No. C-12-02701 DMR<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON STATUTE OF LIMITATION GROUNDS** |

Defendants Admiral Line Limited ("Admiral Line") and Zodiac Maritime Agencies Limited ("Zodiac") (collectively, "Defendants") bring this Motion for Summary Judgment on Statute of Limitation Grounds ("Motion") [Docket No. 30] pursuant to Federal Rule of Civil Procedure 56. For the reasons stated below, the Motion is denied.

**I. Facts and Procedural History**

The facts that are relevant to this motion are undisputed.[1] Plaintiff was allegedly injured on May 26, 2009, while working on the vessel Hyundai HongKong 020E/W (the "Ship"). At the time, Plaintiff was employed by Trapac, Inc., a stevedoring company. Admiral Line owned the Ship. Zodiac managed it.

---

[1] The court denies Plaintiff's and Defendants' evidentiary objections as moot because it did not rely on any of the disputed submissions in reaching a decision on the Motion.

On May 25, 2012, Plaintiff filed this action against Mitsui & Co. (USA) and Mitsui & Co. Ltd. (collectively, "Mitsui Defendants"), mistakenly believing that they owned the Ship. Complaint [Docket No. 1] at ¶ 3. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff had until September 22, 2012 to serve these defendants, but failed to do so. On November 1, 2012, this court ordered Plaintiff to show cause by November 5, 2012 as to why the court should not dismiss her case for failure to prosecute. Order to Show Cause [Docket No. 10]. In response, Plaintiff explained her difficulty in identifying the true owner of the Ship, and stated that she had just served the complaint on Hyundai America Shipping Agency, the entity she believed to be the Ship's owner. Response to Order to Show Cause [Docket No. 11] at 2. On November 5, 2012, having reviewed Plaintiff's response, this court discharged the order to show cause and did not dismiss the case. Order Discharging Order to Show Cause ("Nov. 5 Order") [Docket No. 12] at 1.

On November 13, 2012, Plaintiff amended the complaint, replacing the Mitsui Defendants with Admiral Line and Zodiac. First Amended Complaint ("FAC") [Docket No. 13] at ¶¶ 3-4. The FAC was served on Defendants on November 20, 2012. Ross Decl. at ¶ 8, Exs. B and C. Defendants filed their answer on December 10, 2012, asserting numerous affirmative defenses, including the defense that the FAC was time-barred by the applicable statute of limitations. Answer [Docket No. 20] at 3.

## II. Legal Standard

A court shall grant summary judgment "if . . . there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden of establishing the absence of a genuine issue of material fact lies with the moving party, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986), and the court must view the evidence in the light most favorable to the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citation omitted). A moving party may meet this burden by "'showing . . . that there is an absence of evidence to support the nonmoving party's case.'" *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000) (quoting *Celotex Corp.*, 477 U.S. at 325) (quotation marks omitted). A genuine factual issue exists if, taking into account the burdens of production and proof that would be required at trial, sufficient evidence favors the non-movant such that a reasonable jury could

1  return a verdict in that party's favor. *Anderson*, 477 U.S. at 248. The court may not weigh the
2  evidence, assess the credibility of witnesses, or resolve issues of fact. *See id.* at 249.

3      To defeat summary judgment once the moving part has met its burden, the nonmoving party
4  may not simply rely on the pleadings, but must produce significant probative evidence, by affidavit
5  or as otherwise provided by Federal Rule of Civil Procedure 56, supporting the claim that a genuine
6  issue of material fact exists. *TW Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630
7  (9th Cir. 1987). In other words, there must exist more than "a scintilla of evidence" to support the
8  non-moving party's claims, *Anderson*, 477 U.S. at 252; conclusory assertions will not suffice. *See*
9  *Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Similarly, "[w]hen opposing
10 parties tell two different stories, one of which is blatantly contradicted by the record, so that no
11 reasonable jury could believe it, a court should not adopt that version of the facts" when ruling on
12 the motion. *Scott v. Harris*, 127 S. Ct. 1769, 1776 (2007).

### III. Applicable Law

14     Plaintiff brings two causes of action against Defendants—negligence and premises
15 liability—for failing to properly inspect, maintain, or warn of conditions of a turnbuckle and lashing
16 rod that injured Plaintiff. FAC at ¶¶ 13-14. These claims are based on the Longshore and Harbor
17 Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 905(b), which provides that if a longshore
18 worker is injured as a result of the negligence of a vessel, she may bring an action against the vessel
19 (or its owner, manager, or charterer) as a third party. The statute of limitations for such actions is
20 three years. 46 U.S.C. § 30106 ("[A] civil action for damages for personal injury or death arising
21 out of a maritime tort must be brought within 3 years after the cause of action arose.").

22     There is no dispute that Plaintiff filed her original complaint against the Mitsui Defendants
23 within three years of her alleged injury, and that she filed and served the amended complaint naming
24 Admiral Line and Zodiac more than three years after Plaintiff's alleged injury. The only question is
25 whether the amended complaint "relates back" to the date of the original complaint.

26     Rule 15(c) of the Federal Rules of Civil Procedure "governs when an amended pleading
27 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it
28 was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S. p. A.*, __ U.S.

__, 130 S. Ct. 2485, 2489 (2010). *See also G.F. Co. v. Pan Ocean Shipping Co., Ltd.*, 23 F.3d 1498, 1501 (9th Cir. 1994) (Rule 15(c) "is the only vehicle through which a plaintiff may amend his complaint, after a statute of limitation period has run, to accurately name a defendant who was not correctly named in the pleading before the limitation period had run.") (citation omitted). Rule 15(c) states, in pertinent part:

> **(1) *When an Amendment Relates Back.*** An amendment to a pleading relates back to the date of the original pleading when:
>
> . . . .
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c). In turn, Rule 4(m) states:

> **(m) *Time Limit for Service.*** If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4. "If the notice requirement is met within the Rule 4(m) period . . . a complaint may be amended at any time to correct a formal defect such as a misnomer or misidentification." Fed. R. Civ. P. 15(c), Advisory Committee Notes to 1991 Amendments.

"The Supreme Court has stated that the "purpose of relation back . . . [is] to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Krupski*, 130 S.Ct. at 2494. "A prospective defendant who legitimately believed that the limitations period had passed without any attempt to sue him has a strong interest in repose. But repose would be a windfall for a prospective defendant who understood, or who should have

4

1  understood, that he escaped suit during the limitations period only because the plaintiff
2  misunderstood a crucial fact about his identity." *Id.*
3       Plaintiff has the burden of demonstrating the elements that support application of the relation
4  back rule. *See Sanders–Burns v. City Of Plano,* 594 F.3d 366, 373 (5th Cir. 2010) ("[F]or [plaintiff]
5  to establish that the amended complaint relates back to the original complaint, she must demonstrate
6  that the amended pleading satisfies the elements provided in Rule 15(c)(1) (B)-(C)."); *Wilkins-Jones*
7  *v. County of Alameda,* Case No. 08-CV-1485 EMC, 2012 WL 3116025 at *12 (N.D. Cal. July 31,
8  2012).

## IV. Discussion

### A. Rule 15(c)(1)(C) Requirements

Rule 15(c)(1)(C) governs here, because the amendment at issue "changes the party or the naming of the party against whom a claim is asserted." Fed. R. Civ. P. 15(c)(1)(C). The rule sets forth three requirements that must be met in order to relate an amended complaint back to the original pleading. *Id.*

#### i. Same Conduct, Transaction, or Occurrence

Rule 15(c)(1)(C)'s first requirement is the satisfaction of Rule 15(c)(1)(B). Rule 15(c)(1)(B) requires that "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading . . . ." Here, the parties do not dispute that Plaintiff's claims against Defendants arose out of the same events asserted in her original complaint.

#### ii. Notice

The second and third requirements both focus on the period of time "provided by Rule 4(m) for serving the summons and complaint . . . ." Fed. R. Civ. P. 15(c)(1)(C).

Rule 4(m) generally requires a plaintiff to serve the complaint on defendants within 120 days, but that deadline may be extended by the court. "[I]f plaintiff shows good cause for the failure [to serve the complaint within 120 days], the court ***must*** extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis added). The Advisory Committee Notes highlight the significant difference between Rule 4(m), as amended, and its predecessor, Rule 4(j):

> The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown . . . . Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.

Fed. R. Civ. P. 4, Advisory Committee Notes to the 1993 Amendments. *See also Matasareanu v. Williams*, 183 F.R.D. 242, 245 (C.D. Cal. 1998) (Rule 4(m) gives court discretion to dismiss or extend time even without a showing of good cause).

If the court extends the presumptive 120 day deadline for serving the complaint, that extended period is included within the "period provided by Rule 4(m) for serving the summons and complaint" that is referenced in Rule 15(c)(1)(C). Fed. R. Civ. P. 15, Advisory Committee Notes to 1991 Amendment ("In allowing a name-correcting amendment within the time allowed by Rule 4(m), this rule allows not only the 120 days specified in that rule, but also any additional time resulting from any extension ordered by the court pursuant to that rule, as may be granted, for example, if the defendant is a fugitive from service of the summons.")

The second prong of Rule 15(c)(1)(C) requires that "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment . . . (i) received such notice of the action that it will not be prejudiced in defending on the merits." In her response to the Order to Show Cause, Plaintiff explained her difficulty in identifying the proper Defendants, and thereby demonstrated good cause for her failure to timely serve the initiating pleadings. By discharging the order to show cause and allowing the suit to proceed, the court implicitly extended the time for Plaintiff to serve the proper defendants, as required by the mandatory language of Rule 4(m). Nov. 5 Order at 1. Shortly thereafter, Plaintiff filed the FAC naming the proper defendants, and served the FAC on Defendants.

Since Defendants admit to having been served with the FAC on November 20, 2012, which falls "within the period provided by Rule 4(m) for serving the summons and complaint," Defendants received actual notice of the action within the period as required by Rule 15(c)(1)(C). Defendants have not claimed that they will be prejudiced by the six-month delay between the filing of the

original complaint and the service of the FAC, for example, through the loss of material documents or witness availability. Plaintiff has thus satisfied the second requirement of Rule 15(c)(1)(C).

### iii. Knew or Should Have Known That Action Would Have Been Brought But for Mistake

The final requirement for relation back under Rule 15(c)(1)(C) is that "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment . . . (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." "[T]he question under Rule 15(c)(1)(C)(ii) is what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint against the first defendant." *Krupski*, 130 S.Ct. at 2496.

"Establishing the existence of a mistake is a threshold requirement in a 15(c)(1) inquiry, and is independent of the determination of whether the party to be brought in had knowledge of the action." *Pierce v. City of Chicago*, Case No. 09-CV-1462-RMD, 2010 WL 4636676 at *2 (N.D. Ill. Nov. 8, 2010); *Wilkins-Jones,* 2010 WL 316025 at *16 (citing *Pierce*). A "mistake" for purposes of relation back is broadly defined as an "an error, misconception, or misunderstanding; an erroneous belief." *Krupski*, 130 S.Ct. at 2494 (mistake where plaintiff erroneously sues party A on the belief that it has the status of party B). By contrast, "[w]hen the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity, the requirements of Rule 15(c)(1)(C)(ii) are not met." *Id.* at 2496. Here, the original complaint made clear that Plaintiff intended to sue the company or companies that "owned and operated" the Ship, but Plaintiff mistakenly indicated that the Mitsui Defendants performed those roles. Complaint at ¶¶ 3, 6. Plaintiff also offered a sworn affidavit stating that she named the Mitsui Defendants by mistake because she did not know the true identities of the Ship's owners until after she contacted the Department of Homeland Security on November 6, 2012. Boyd Decl. at ¶¶ 4, 6. Thus, the original complaint and Plaintiff's post-filing conduct indicate that Plaintiff's failure to name Defendants in the original complaint was the result of a mistake, rather than an intentional, tactical choice. There is no evidence to the contrary.

The knowledge prong of the Rule 15(c)(1)(C)(ii) requirement "asks what the prospective defendant knew or should have known during the Rule 4(m) period." *Krupski*, 130 S.Ct. at 2493. Defendants admit to having received the FAC on November 20, 2012, which fell within the extended period for service permitted by the court pursuant to Rule 4(m). Ross Decl. at ¶ 9. Thus, Defendants had actual knowledge within the Rule 4(m) period that the action would have been brought against Defendants, the true owner and operator of the Ship, but for Plaintiff's mistake concerning the proper party's identity. *Accord Erie Indem. Co. v. Keurig, Inc.*, Case No. 10-CV-02899, 2011 WL 2893013 at *4 (N.D. Ohio July 15, 2011) (Rule 15(c)(1)(C)(ii) requirement met where new defendant had actual knowledge that it would have been sued but for a mistake by plaintiff, because it had been being served with the amended complaint naming it as defendant within Rule 4(m) and Rule 4(f) period for service of process).

Plaintiff has satisfied all three requirements of Rule 15(c)(1)(C). The amended complaint relates back to the date of the original complaint, and Plaintiff has brought her claims against Defendants within the applicable statute of limitations.

## V. Conclusion

For the reasons above, the court denies Defendants' motion for summary judgment.

IT IS SO ORDERED.

Dated: April 12, 2013

DONNA M. RYU
United States Magistrate Judge

8