**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10

11   DEBORAH SANTANA-WATTS,                    No. C-12-02701 DMR

12              Plaintiff,                      **ORDER DENYING DEFENDANTS'**
                                                **MOTION FOR SUMMARY JUDGMENT**
13        v.                                    **ON STATUTE OF LIMITATION**
                                                **GROUNDS**
14   ADMIRAL LINE (UK) LIMITED; ZODIAC
     MARITIME AGENCIES LIMITED and DOES
15   1 THROUGH 20,

16              Defendants.
     _____/
17

18        Defendants Admiral Line Limited ("Admiral Line") and Zodiac Maritime Agencies Limited

19   ("Zodiac") (collectively, "Defendants") bring this Motion for Summary Judgment on Statute of

20   Limitation Grounds ("Motion") [Docket No. 30] pursuant to Federal Rule of Civil Procedure 56.

21   For the reasons stated below, the Motion is denied.

22                          **I. Facts and Procedural History**

23        The facts that are relevant to this motion are undisputed.[1]  Plaintiff was allegedly injured on

24   May 26, 2009, while working on the vessel Hyundai HongKong 020E/W (the "Ship").  At the time,

25   Plaintiff was employed by Trapac, Inc., a stevedoring company.  Admiral Line owned the Ship.

26   Zodiac managed it.

27

28        [1] The court denies Plaintiff's and Defendants' evidentiary objections as moot because it did not
     rely on any of the disputed submissions in reaching a decision on the Motion.

**United States District Court**
For the Northern District of California

1    On May 25, 2012, Plaintiff filed this action against Mitsui & Co. (USA) and Mitsui & Co.

2  Ltd. (collectively, "Mitsui Defendants"), mistakenly believing that they owned the Ship.  Complaint

3  [Docket No. 1] at ¶ 3.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff had

4  until September 22, 2012 to serve these defendants, but failed to do so.  On November 1, 2012, this

5  court ordered Plaintiff to show cause by November 5, 2012 as to why the court should not dismiss

6  her case for failure to prosecute.  Order to Show Cause [Docket No. 10].  In response, Plaintiff

7  explained her difficulty in identifying the true owner of the Ship, and stated that she had just served

8  the complaint on Hyundai America Shipping Agency, the entity she believed to be the Ship's owner.

9  Response to Order to Show Cause [Docket No. 11] at 2.  On November 5, 2012, having reviewed

10  Plaintiff's response, this court discharged the order to show cause and did not dismiss the case.

11  Order Discharging Order to Show Cause ("Nov. 5 Order") [Docket No. 12] at 1.

12    On November 13, 2012, Plaintiff amended the complaint, replacing the Mitsui Defendants

13  with Admiral Line and Zodiac.  First Amended Complaint ("FAC") [Docket No. 13] at ¶¶ 3-4.  The

14  FAC was served on Defendants on November 20, 2012.  Ross Decl. at ¶ 8, Exs. B and C.

15  Defendants filed their answer on December 10, 2012, asserting numerous affirmative defenses,

16  including the defense that the FAC was time-barred by the applicable statute of limitations.  Answer

17  [Docket No. 20] at 3.

18                                    **II. Legal Standard**

19    A court shall grant summary judgment "if . . . there is no genuine issue as to any material

20  fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The burden of

21  establishing the absence of a genuine issue of material fact lies with the moving party, *see Celotex*

22  *Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986), and the court must view the evidence in the light

23  most favorable to the non-movant.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)

24  (citation omitted).  A moving party may meet this burden by "'showing . . . that there is an absence

25  of evidence to support the nonmoving party's case.'"  *Fairbank v. Wunderman Cato Johnson*, 212

26  F.3d 528, 531 (9th Cir. 2000) (quoting *Celotex Corp.*, 477 U.S. at 325) (quotation marks omitted).

27  A genuine factual issue exists if, taking into account the burdens of production and proof that would

28  be required at trial, sufficient evidence favors the non-movant such that a reasonable jury could

2

**United States District Court**
For the Northern District of California

1  return a verdict in that party's favor. *Anderson*, 477 U.S. at 248.  The court may not weigh the

2  evidence, assess the credibility of witnesses, or resolve issues of fact. *See id.* at 249.

3  To defeat summary judgment once the moving part has met its burden, the nonmoving party

4  may not simply rely on the pleadings, but must produce significant probative evidence, by affidavit

5  or as otherwise provided by Federal Rule of Civil Procedure 56, supporting the claim that a genuine

6  issue of material fact exists. *TW Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630

7  (9th Cir. 1987).  In other words, there must exist more than "a scintilla of evidence" to support the

8  non-moving party's claims, *Anderson*, 477 U.S. at 252; conclusory assertions will not suffice. *See*

9  *Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).  Similarly, "[w]hen opposing

10  parties tell two different stories, one of which is blatantly contradicted by the record, so that no

11  reasonable jury could believe it, a court should not adopt that version of the facts" when ruling on

12  the motion. *Scott v. Harris*, 127 S. Ct. 1769, 1776 (2007).

### III.  Applicable Law

14  Plaintiff brings two causes of action against Defendants—negligence and premises

15  liability—for failing to properly inspect, maintain, or warn of conditions of a turnbuckle and lashing

16  rod that injured Plaintiff.  FAC at ¶¶ 13-14.  These claims are based on the Longshore and Harbor

17  Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 905(b), which provides that if a longshore

18  worker is injured as a result of the negligence of a vessel, she may bring an action against the vessel

19  (or its owner, manager, or charterer) as a third party.  The statute of limitations for such actions is

20  three years.  46 U.S.C. § 30106  ("[A] civil action for damages for personal injury or death arising

21  out of a maritime tort must be brought within 3 years after the cause of action arose.").

22  There is no dispute that Plaintiff filed her original complaint against the Mitsui Defendants

23  within three years of her alleged injury, and that she filed and served the amended complaint naming

24  Admiral Line and Zodiac more than three years after Plaintiff's alleged injury.  The only question is

25  whether the amended complaint "relates back" to the date of the original complaint.

26  Rule 15(c) of the Federal Rules of Civil Procedure "governs when an amended pleading

27  'relates back' to the date of a timely filed original pleading and is thus itself timely even though it

28  was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S. p. A.*, __ U.S.

3

**United States District Court**

For the Northern District of California

1 __, 130 S. Ct. 2485, 2489 (2010).  *See also G.F. Co. v. Pan Ocean Shipping Co., Ltd.*, 23 F.3d 1498,

2 1501 (9th Cir. 1994) (Rule 15(c) "is the only vehicle through which a plaintiff may amend his

3 complaint, after a statute of limitation period has run, to accurately name a defendant who was not

4 correctly named in the pleading before the limitation period had run.") (citation omitted).  Rule 15(c)

5 states, in pertinent part:

6     **(1)** *When an Amendment Relates Back.* An amendment to a pleading relates back to the
    date of the original pleading when:

7

8     . . . .

9     (B) the amendment asserts a claim or defense that arose out of the conduct,
    transaction, or occurrence set out—or attempted to be set out—in the original
    pleading; or

10

11     (C) the amendment changes the party or the naming of the party against whom a
    claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by
    Rule 4(m) for serving the summons and complaint, the party to be brought in by

12     amendment:

13         (i) received such notice of the action that it will not be prejudiced in
        defending on the merits; and

14

15         (ii) knew or should have known that the action would have been brought
        against it, but for a mistake concerning the proper party's identity.

16 Fed. R. Civ. P. 15(c).  In turn, Rule 4(m) states:

17     **(m)** *Time Limit for Service.* If a defendant is not served within 120 days after the complaint
    is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the

18     action without prejudice against that defendant or order that service be made within a
    specified time. But if the plaintiff shows good cause for the failure, the court must extend the

19     time for service for an appropriate period.

20 Fed. R. Civ. P. 4.  "If the notice requirement is met within the Rule 4(m) period . . . a complaint may

21 be amended at any time to correct a formal defect such as a misnomer or misidentification."  Fed. R.

22 Civ. P. 15(c), Advisory Committee Notes to 1991 Amendments.

23       "The Supreme Court has stated that the "purpose of relation back . . . [is] to balance the

24 interests of the defendant protected by the statute of limitations with the preference expressed in the

25 Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their

26 merits."  *Krupski*, 130 S.Ct. at 2494.  "A prospective defendant who legitimately believed that the

27 limitations period had passed without any attempt to sue him has a strong interest in repose. But

28 repose would be a windfall for a prospective defendant who understood, or who should have

4

**United States District Court**

For the Northern District of California

1  understood, that he escaped suit during the limitations period only because the plaintiff

2  misunderstood a crucial fact about his identity." *Id.*

3      Plaintiff has the burden of demonstrating the elements that support application of the relation

4  back rule. *See Sanders–Burns v. City Of Plano,* 594 F.3d 366, 373 (5th Cir. 2010) ("[F]or [plaintiff]

5  to establish that the amended complaint relates back to the original complaint, she must demonstrate

6  that the amended pleading satisfies the elements provided in Rule 15(c)(1) (B)-(C)."); *Wilkins-Jones*

7  *v. County of Alameda,* Case No. 08-CV-1485 EMC, 2012 WL 3116025 at \*12 (N.D. Cal. July 31,

8  2012).

9                                    **IV. Discussion**

10  **A.  Rule 15(c)(1)(C) Requirements**

11      Rule 15(c)(1)(C) governs here, because the amendment at issue "changes the party or the

12  naming of the party against whom a claim is asserted." Fed. R. Civ. P. 15(c)(1)(C).  The rule sets

13  forth three requirements that must be met in order to relate an amended complaint back to the

14  original pleading. *Id.*

15          **i.  Same Conduct, Transaction, or Occurrence**

16      Rule 15(c)(1)(C)'s first requirement is the satisfaction of Rule 15(c)(1)(B).  Rule 15(c)(1)(B)

17  requires that "the amendment asserts a claim or defense that arose out of the conduct, transaction, or

18  occurrence set out—or attempted to be set out—in the original pleading . . . ."  Here, the parties do

19  not dispute that Plaintiff's claims against Defendants arose out of the same events asserted in her

20  original complaint.

21          **ii.  Notice**

22      The second and third requirements both focus on the period of time  "provided by Rule 4(m)

23  for serving the summons and complaint . . . ."  Fed. R. Civ. P. 15(c)(1)(C).

24      Rule 4(m) generally requires a plaintiff to serve the complaint on defendants within 120

25  days, but that deadline may be extended by the court.  "[I]f plaintiff shows good cause for the failure

26  [to serve the complaint within 120 days], the court ***must*** extend the time for service for an

27  appropriate period." Fed. R. Civ. P. 4(m) (emphasis added).  The Advisory Committee Notes

28  highlight the significant difference between Rule 4(m), as amended, and its predecessor, Rule 4(j):

5

1

2

3

> The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown . . . . Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.

4

5

Fed. R. Civ. P. 4, Advisory Committee Notes to the 1993 Amendments. *See also Matasareanu v.*

6

*Williams*, 183 F.R.D. 242, 245 (C.D. Cal. 1998) (Rule 4(m) gives court discretion to dismiss or

7

extend time even without a showing of good cause).

8

If the court extends the presumptive 120 day deadline for serving the complaint, that

9

extended period is included within the "period provided by Rule 4(m) for serving the summons and

10

complaint" that is referenced in Rule 15(c)(1)(C). Fed. R. Civ. P. 15, Advisory Committee Notes to

11

1991 Amendment ("In allowing a name-correcting amendment within the time allowed by Rule

12

4(m), this rule allows not only the 120 days specified in that rule, but also any additional time

13

resulting from any extension ordered by the court pursuant to that rule, as may be granted, for

14

example, if the defendant is a fugitive from service of the summons.")

15

The second prong of Rule 15(c)(1)(C) requires that "within the period provided by Rule 4(m)

16

for serving the summons and complaint, the party to be brought in by amendment . . .  (i) received

17

such notice of the action that it will not be prejudiced in defending on the merits."  In her response to

18

the Order to Show Cause, Plaintiff explained her difficulty in identifying the proper Defendants, and

19

thereby demonstrated good cause for her failure to timely serve the initiating pleadings.  By

20

discharging the order to show cause and allowing the suit to proceed, the court implicitly extended

21

the time for Plaintiff to serve the proper defendants, as required by the mandatory language of Rule

22

4(m). Nov. 5 Order at 1.  Shortly thereafter,  Plaintiff filed the FAC naming the proper defendants,

23

and served the FAC on Defendants.

24

Since Defendants admit to having been served with the FAC on November 20, 2012, which

25

falls "within the period provided by Rule 4(m) for serving the summons and complaint," Defendants

26

received actual notice of the action within the period as required by Rule 15(c)(1)(C).  Defendants

27

have not claimed that they will be prejudiced by the six-month delay between the filing of the

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    original complaint and the service of the FAC, for example, through the loss of material documents

2    or witness availability. Plaintiff has thus satisfied the second requirement of Rule 15(c)(1)(C).

3         **iii. Knew or Should Have Known That Action Would Have Been Brought But for**
         **Mistake**

4

5         The final requirement for relation back under Rule 15(c)(1)(C) is that "within the period

6    provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by

7    amendment . . . (ii) knew or should have known that the action would have been brought against it,

8    but for a mistake concerning the proper party's identity." "[T]he question under Rule 15(c)(1)(C)(ii)

9    is what the prospective defendant reasonably should have understood about the plaintiff's intent in

10   filing the original complaint against the first defendant." *Krupski*, 130 S.Ct. at 2496.

11        "Establishing the existence of a mistake is a threshold requirement in a 15(c)(1) inquiry, and

12   is independent of the determination of whether the party to be brought in had knowledge of the

13   action." *Pierce v. City of Chicago*, Case No. 09-CV-1462-RMD, 2010 WL 4636676 at *2 (N.D. Ill.

14   Nov. 8, 2010); *Wilkins-Jones,* 2010 WL 316025 at *16 (citing *Pierce*). A "mistake" for purposes of

15   relation back is broadly defined as an "an error, misconception, or misunderstanding; an erroneous

16   belief." *Krupski*, 130 S.Ct. at 2494 (mistake where plaintiff erroneously sues party A on the belief

17   that it has the status of party B). By contrast, "[w]hen the original complaint and the plaintiff's

18   conduct compel the conclusion that the failure to name the prospective defendant in the original

19   complaint was the result of a fully informed decision as opposed to a mistake concerning the proper

20   defendant's identity, the requirements of Rule 15(c)(1)(C)(ii) are not met." *Id.* at 2496. Here, the

21   original complaint made clear that Plaintiff intended to sue the company or companies that "owned

22   and operated" the Ship, but Plaintiff mistakenly indicated that the Mitsui Defendants performed

23   those roles. Complaint at ¶¶ 3, 6. Plaintiff also offered a sworn affidavit stating that she named the

24   Mitsui Defendants by mistake because she did not know the true identities of the Ship's owners until

25   after she contacted the Department of Homeland Security on November 6, 2012. Boyd Decl. at ¶¶ 4,

26   6. Thus, the original complaint and Plaintiff's post-filing conduct indicate that Plaintiff's failure to

27   name Defendants in the original complaint was the result of a mistake, rather than an intentional,

28   tactical choice. There is no evidence to the contrary.

**United States District Court**

For the Northern District of California

1    The knowledge prong of the Rule 15(c)(1)(C)(ii) requirement "asks what the prospective

2    defendant knew or should have known during the Rule 4(m) period." *Krupski*, 130 S.Ct. at 2493.

3    Defendants admit to having received the FAC on November 20, 2012, which fell within the

4    extended period for service permitted by the court pursuant to Rule 4(m).  Ross Decl. at ¶ 9.  Thus,

5    Defendants had actual knowledge within the Rule 4(m) period that the action would have been

6    brought against Defendants, the true owner and operator of the Ship, but for Plaintiff's mistake

7    concerning the proper party's identity. *Accord Erie Indem. Co. v. Keurig, Inc.*, Case No. 10-CV-

8    02899, 2011 WL 2893013 at *4 (N.D. Ohio July 15, 2011) (Rule 15(c)(1)(C)(ii) requirement met

9    where new defendant had actual knowledge that it would have been sued but for a mistake by

10   plaintiff, because it had been being served with the amended complaint naming it as defendant

11   within Rule 4(m) and Rule 4(f) period for service of process).

12       Plaintiff has satisfied all three requirements of Rule 15(c)(1)(C).  The amended complaint

13   relates back to the date of the original complaint, and Plaintiff has brought her claims against

14   Defendants within the applicable statute of limitations.

### V. Conclusion

16       For the reasons above, the court denies Defendants' motion for summary judgment.

17

18       IT IS SO ORDERED.

19

20   Dated:  April 12, 2013

21

22                                                                DONNA M. RYU
                                                                  United States Magistrate Judge

23

24

25

26

27

28